UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CELESTE M. REDIC,

                              Plaintiff,                Case # 18-CV-6225-FPG

v.                                                            DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

## INTRODUCTION

Plaintiff Celeste M. Redic brings this action pursuant to the Social Security Act seeking review of the denial of her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 9, 11. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

On April 3, 2015, Redic applied for DIB and protectively applied for SSI with the Social Security Administration ("the SSA"). Tr.[1] 188-95. She alleged disability since July 16, 2014 due to heart attacks, Bell's palsy, and irritable bowel syndrome. Tr. 92. On August 11, 2016, Redic and a vocational expert ("VE") testified via videoconference before Administrative Law Judge Julia D. Gibbs ("the ALJ"). Tr. 54-91. On April 17, 2017, the ALJ issued a decision finding that Redic was not disabled under the Act. Tr. 40-49. On January 19, 2018, the Appeals Council

---

[1] "Tr." refers to the administrative record in this matter. ECF No. 8.

1

denied Redic's request for review. Tr. 1-7. This action seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. § 405(g)) (other citation omitted). The Act holds that the Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted). It is not the Court's function to "determine de novo whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F. 3d 496, 501 (2d Cir. 1990).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, the claimant is disabled. *Id.* § 404.1509. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis notwithstanding limitations for the collective impairments. *See id.* § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Redic's claim for benefits under the process described above. At step one, the ALJ found that Redic had not engaged in substantial gainful activity since the alleged onset date. Tr. 42-43. At step two, the ALJ found that Redic had the following severe impairments: scleroderma, Raynaud's syndrome, arthritis, Bell's palsy, diverticulosis, irritable bowel syndrome, an abnormal hip joint, obesity, and a history of coronary artery disease with

stenting. Tr. 43. At step three, the ALJ found that these impairments, alone or in combination, did not meet or medically equal any Listings impairment. Tr. 43-44.

Next, the ALJ determined that Redic retains the RFC to perform sedentary work[2] but can only frequently use her hands to finger and grasp. Tr. 44-49. At step four, the ALJ found that Redic can perform her past relevant work as a customer service clerk. Tr. 49. Accordingly, the ALJ concluded that Redic was not disabled. *Id.*

## II. Analysis

Redic argues that remand is required because the Appeals Council erred when it declined to review her case.[3] ECF No. 9-1 at 18-20. Specifically, Redic asserts that the Appeals Council should have considered the medical opinions she submitted because they are new, material, and relate to the relevant period, and there is a reasonable probability that they would change the outcome of the decision. *Id.* The Commissioner argues that the new evidence does not undermine the ALJ's decision and therefore the Appeals Council did not err by declining to consider it. ECF No. 11-1 at 25-28.

### A. Submitting Evidence to the Appeals Council

The Appeals Council must consider additional evidence that a claimant submits if the claimant can show good cause for not submitting it to the ALJ, it is new, material, and relates to the period on or before the ALJ's decision, and there is a reasonable probability that it would change the outcome of the decision. *Simon v. Berryhill*, No. 1:16-cv-04088(FB), 2017 WL

---

[2] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. §§ 404.1567(a), 416.967(a).

[3] Redic advances other arguments that she believes require reversal of the Commissioner's decision. ECF No. 9-1 at 10-18. The Court will not reach those arguments because it remands based on the Appeals Council's error.

4

4736732, at *2 (E.D.N.Y. Oct. 19, 2017); *see also* 20 C.F.R. §§ 404.970(a)(5), (b), 416.1470(a)(5), (b).

Evidence is new if it is not cumulative of what is already in the record. *Id.* (citation omitted). It is material if it is relevant to the claimant's condition during the time period for which benefits were denied and probative, meaning there is a reasonable probability that it would have influenced the Commissioner to decide the claimant's application differently. *Webb v. Apfel*, No. 98-CV-791, 2000 WL 1269733, at *14 (W.D.N.Y. Feb. 8, 2000) (citing *Jones v. Sullivan*, 949 F.2d 57, 60 (2d Cir. 1990)).

As to whether the additional evidence relates to the period on or before the ALJ's decision, "[m]edical evidence generated after an ALJ's decision cannot be deemed irrelevant solely based on timing." *Pulos v. Comm'r of Soc. Sec.*, No. 1:18-CV-00248 EAW, 2018 WL 5801551, at *6 (W.D.N.Y. Nov. 5, 2018) (citing *Pollard v. Halter*, 377 F.3d 183, 193 (2d Cir. 2004)). This is because the evidence "may demonstrate that 'during the relevant time period, [the claimant's] condition was far more serious than previously thought.'" *Id.* (quoting *Newbury v. Astrue*, 321 F. App'x 16, 18 n.2 (2d Cir. 2009) (summary order)). But the Appeals Council does not have to consider evidence that "does not provide additional information about the claimant's functioning during the relevant time period" and "instead relates to his or her functioning at some later point in time." *Id.* (citation omitted). If the Appeals Council rejects additional evidence because it does not relate to the relevant period, it "will send [the claimant] a notice that explains why it did not accept the additional evidence." 20 C.F.R. §§ 404.970(c), 416.1470(c).

When the Appeals Council denies review after considering new evidence, the Court "review[s] the entire administrative record, which includes the new evidence, and determine[s], as

5

in every case, whether there is substantial evidence to support the decision of the Secretary." *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996).

B.  **Evidence Submitted to the Appeals Council**

Redic submitted two medical opinions to the Appeals Council—one from Colleen Fogarty, M.D. dated June 1, 2017 (Tr. 21) and one from an unknown source at Highland Family Medicine dated July 14, 2017 (Tr. 8-15).[4] The Appeals Council found that this evidence did "not relate to the period at issue" and therefore did "not affect the decision about whether [Redic] was disabled beginning on or before April 17, 2017." Tr. 2.

1.  **Dr. Fogarty's Opinion**

On June 1, 2017, Dr. Fogarty indicated that Redic cannot walk long distances and has positional and right-hand limitations. Tr. 21. She opined that Redic "is very limited in her ability to function even at home" and that "[h]er ability to function in a competitive work environment on a full-time basis is extremely compromised." *Id.*

Dr. Fogarty's opinion is new because it did not exist until after the ALJ's decision—and therefore Redic also had good cause for not submitting it to the ALJ—and is not cumulative of other record evidence. *See Simon*, 2017 WL 4736732, at *2 ("When evidence submitted by the applicant did not exist at the time of the ALJ's hearing, there is no question that the evidence is new and that good cause existed for applicant's failure to submit this evidence to the ALJ." (citation, quotation marks, and alterations omitted)).

Dr. Fogarty's opinion is also material because it is relevant to Redic's conditions during the time period at issue, namely, her chronic scleroderma, and probative because it could have

---

[4] Redic also submitted 14 pages of treatment notes from Dr. Fogarty dated April 20, 2017. Tr. 23-36. The Appeals Council found that these records did not relate to the relevant period and thus did not affect the ALJ's decision. Tr. 2. Redic does not argue that the Appeals Council erred by rejecting these records, and therefore the Court will not discuss them.

6

influenced the Commissioner to decide the case differently. The ALJ found Redic capable of sedentary work with frequent use of her hands to finger and grasp, but Dr. Fogarty indicated that symptoms affecting Redic's right hand make it difficult to her to accomplish basic household tasks. If credited, this could change the RFC determination and impose greater restrictions on Redic's ability to use her right hand. Dr. Fogarty also indicated that Redic has "great difficulties with positional changes," but the RFC contains no such limitations. Tr. 21. Finally, Dr. Fogarty opined that Redic's "ability to function in a competitive work environment on a full-time basis is extremely compromised," which clearly contradicts the ALJ's finding of non-disability.[5] *Id.*

A more difficult question is whether Dr. Fogarty's opinion relates to the period on or before the ALJ's decision. Dr. Fogarty rendered her opinion on June 1, 2017—just six weeks after the ALJ issued her decision on April 17, 2017. Although Dr. Fogarty does not explicitly cite the relevant period, she refers to Redic's scleroderma, which the ALJ found to be a severe impairment and the record reveals has been ongoing for many years. Before rendering her opinion, it appears that Dr. Fogarty last examined Redic on April 20, 2017—just three days after the ALJ issued her decision. It is unlikely that Redic's condition deteriorated in this short amount of time; instead, Dr. Fogarty's opinion likely clarifies the nature of Redic's scleroderma and its limitations during the relevant period. Thus, the Appeals Council erred by rejecting this opinion simply because it post-dated the ALJ's decision.

---

[5] A medical source's statement that a claimant is "disabled" or "unable to work" does not mean that the Commissioner will find that claimant disabled, because it is the Commissioner's responsibility to determine whether a claimant meets the statutory definition of disability. *Cottrell v. Colvin*, 206 F. Supp. 3d 804, 809-10 (W.D.N.Y. 2016); *see also* 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1). But this doesn't mean the SSA can simply ignore such a statement; it indicates that it will "review all of the medical findings and other evidence that support a medical source's statement that [the claimant is] disabled." *Id.*

## 2. Highland Family Medicine Opinion

Redic also submitted a Physical Residual Functional Capacity Assessment dated July 14, 2017 from Highland Family Medicine. Tr. 8-15. It is unclear who rendered this opinion based on the signature provided; however, the record indicates that Redic was treated at Highland Family Medicine as early as January 2013 and throughout the relevant period. Tr. 355-454, 491-581.

The opinion indicates that Redic can only stand for five minutes at a time due to pain; must alternate between sitting and standing to relieve pain or discomfort; is limited in her upper and lower extremities; cannot climb, balance, stoop, kneel, crouch, or crawl; and has manipulative limitations. Tr. 9-11. The opinion notes that Redic's "physical function has worsened notably over [the] past 6 months due to the scleroderma and its effects on joint (causing pain) and skin (causing tightening)." Tr. 13. It also states that Redic has experienced "rapid decline in physical function over the previous 6 months." *Id.*

This opinion is new because it did not exist until after the ALJ's decision and is not cumulative of other record evidence. Redic had good cause for not submitting it to the ALJ because it did not exist before she issued her decision. This opinion is material because it is relevant to Redic's scleroderma and probative because it could have influenced the Commissioner to decide the case differently. The ALJ found Redic capable of sedentary work with frequent use of her hands to finger and grasp, but this opinion indicates that Redic has severe limitations likely to preclude even sedentary work and to further limit her ability to use her hands.

This opinion also relates to the relevant period. It was rendered on July 14, 2017—about 13 weeks after the ALJ issued her decision—but it specifically indicates that Redic experienced rapid decline in her physical function over the last six months. This means that the opinion relates back to at least January 2017, three months before the ALJ issued her decision. Thus, the opinion

8

sheds light on Redic's limitations during the relevant period. *See Vitale v. Apfel*, 49 F. Supp. 2d 137, 142 (E.D.N.Y. 1999) (noting that "the existence of a pre-existing disability can be proven by a retrospective opinion" if it "refer[s] clearly to the relevant period of disability" and does "not simply express an opinion as to the claimant's current status"). Thus, the Appeals Council erred by rejecting this opinion simply because it post-dated the ALJ's decision.

Accordingly, for all the reasons stated, this matter must be remanded to the Commissioner for reconsideration in light of the new evidence discussed above. *See, e.g.*, *Bluman v. Colvin,* No. 15-CV-627-FPG, 2016 WL 5871346, at *4 (W.D.N.Y. Oct. 7, 2016) (remanding for reconsideration in light of new evidence that the Appeals Council summarily rejected because it was created after the ALJ's decision).

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 9) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 11) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: April 8, 2019
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court